IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARLOS D. LINDSEY,

                      Plaintiff,                    OPINION & ORDER

  v.

                                          14-cv-357-jdp

LIEUTENANT DANE ESSER, and
CORRECTIONAL OFFICER TAYLOR,

                      Defendants.

---

      Pro se prisoner Carlos Lindsey has filed a proposed complaint under 42 U.S.C. § 1983 in which he alleges that defendants Lieutenant Esser and Correctional Officer Taylor failed to turn the water back on in plaintiff's cell after a routine cell search, in violation of the Eighth Amendment. Dkt. 1.

      Plaintiff has made an initial partial payment of the filing fee under 28 U.S.C. § 1915(b)(1). The next step in this case is for the court to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing plaintiff's complaint with this principle in mind, I conclude that it must be dismissed, in part for failing to state a claim upon which relief can be granted, and in part for failing to provide a short and plain statement of any claim. I will give plaintiff an opportunity to amend the portions of his complaint that fall into this second category, but deny him leave to proceed on the remainder of his complaint.

BACKGROUND

Plaintiff is a prisoner at the Wisconsin Secure Program Facility, located in Boscobel, Wisconsin. The defendants are Wisconsin Department of Corrections employees who work at WSPF: Lieutenant Esser and Correctional Officer Taylor. Plaintiff has filed a separate action in this court alleging misconduct by Esser and other WSPF employees. *See Lindsey v. Esser*, No. 14-cv-166 (W.D. Wis. filed Feb. 28, 2014). In that case, plaintiff's claims arise out of a strip search that occurred in December 2013.

In this case, plaintiff alleges that Esser and Taylor subjected him to cruel and unusual punishment when they failed to have the water turned back on in plaintiff's cell after a routine cell search. Beginning on April 9, 2014, plaintiff was without water for five days. This left him unable to drink water from his cell or flush the toilet. During this time, however, plaintiff received his usual meals, including beverages. Although plaintiff alleges that he made "many attempts" to have his water restored, he does not elaborate on his efforts. Plaintiff eventually informed a correctional officer of his predicament and the officer had central control turn the water back on. The heart of plaintiff's claim is that he and Esser are not on good terms because of plaintiff's other, pending lawsuit, and that Esser therefore "had every motive and means to disregard plaintiff['s] water being off in his cell." Dkt. 1, at 8.

OPINION

Under Fed. R. Civ. P. 8, a plaintiff must present "a short and plain statement of the claim showing that [he] is entitled to relief." The purpose of the requirement is "to provide the defendant with 'fair notice' of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Here, I understand plaintiff's complaint as attempting to state a claim against the defendants under the Eighth Amendment for violating his right to be free from cruel and

unusual punishment. Specifically, I understand him to allege that the deprivation of drinking water and the deprivation of a functional toilet, or either individually, created unlawful conditions of confinement. I also understand plaintiff's complaint as attempting to state a claim against Esser under the First Amendment for retaliation.

Plaintiff's allegations regarding access to drinking water fall short of stating a claim under the Eighth Amendment, even with the liberal construction I must give his pleadings. Plaintiff claims he could not drink water in his cell, but also alleges that he received milk and juice regularly throughout the day. A short-term deprivation of drinking water does not give rise to a constitutional violation if the inmate is otherwise provided with food and beverages. *See Tesch v. Cnty. of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998) ("[W]e do not believe that requiring [an inmate] to wear the same clothes, or receive beverages only with meals . . . . for less than two full days rises to the level of severity necessary to state a constitutional violation."). Because plaintiff affirmatively alleges that he received beverages with his meals, he has failed to state a claim under the Eighth Amendment and no alteration to his complaint can cure the defect. I will therefore dismiss the portion of plaintiff's complaint that concerns his lack of access to drinking water and deny him leave to proceed on these claims.

Plaintiff's allegations regarding the non-functioning toilet, however, may be amended to state a valid claim under the Eighth Amendment. "Prison officials have a responsibility to provide inmates with a minima of shelter, sanitation and utilities-basic necessities of civilized life." *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989). But this responsibility does not automatically extend to all plumbing-related issues prisoners have in their cells. Instead, "[w]here the Seventh Circuit has recognized an issue pertaining to a dysfunctional sink at all, it has been only in circumstances where the 'totality of the conditions,' . . . already actionable, *was thereby adversely compounded.*" *McNeal v. Ellerd*, 823 F. Supp. 627, 632 (E.D. Wis. 1993)

3

(emphasis added) (internal citations omitted). In *Johnson v. Pelker*, for example, the court held that the lack of running water was actionable because it left an inmate unable to clean the walls of his cell, which had been smeared with human feces. 891 F.2d at 139.

Plaintiff's complaint is unclear on the extent to which his lack of running water created unsanitary conditions. He does not explain, for example, whether he was forced to use the non-functional toilet or if he had access to other bathroom facilities. Plaintiff cannot simply rely on the odor in his cell, as "[o]rdinarily, mere exposure to unpleasant odors does not constitute an Eighth Amendment violation." *Lewis v. Pollard*, No. 11-cv-280, 2013 WL 1305841, at *6 (E.D. Wis. Mar. 28, 2013) (citing *Sain v. Wood,* 512 F.3d 886 (7th Cir. 2008)). Plaintiff may be able to state a claim if he identifies with more specificity what unsanitary conditions, if any, his lack of a functioning toilet created. I will afford plaintiff one opportunity to amend his complaint to provide, if appropriate, a short and plain statement of an Eighth Amendment claim arising out of his lack of running water as it related to the unsanitary conditions of his confinement.

Finally, although plaintiff grounds his complaint in the Eighth Amendment, *see* Dkt. 1, at 4, he has alleged that Esser had a retaliatory motive in depriving him of running water. Specifically, plaintiff alleges that he and Esser are "not on good [terms] with one another" and that "a [42 U.S.C. §] 1983 civil complaint [was] filed against defendant [E]sser." *Id.* at 7. "To prevail on a First Amendment retaliation claim, [plaintiff] must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Here, plaintiff's alleged "protected activity" is the lawsuit he filed against Esser, and the Seventh Circuit has held that "a prison official may not retaliate against a prisoner because that prisoner filed a grievance . . . . This is so even if the

4

adverse action does not independently violate the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) (internal citations omitted). Given the proximity in time between plaintiff's first lawsuit and the incidents that gave rise to his current claim (less than two months apart), plaintiff may be able to amend his complaint to state a First Amendment claim of retaliation against Esser. Should plaintiff choose to include such a claim in his amended complaint, he should be sure to allege what basis, if any, he has for believing that his first lawsuit was a "motivating factor" for Esser's actions.

Finally, the court notes that plaintiff has not requested any relief in this case. Dkt. 1, at 10. Under Rule 8(a), a complaint must provide "a demand for the relief sought." If plaintiff chooses to file an amended pleading, he must also identify the relief he seeks or the court will be forced to dismiss his complaint for failure to comply with Rule 8.

ORDER

IT IS ORDERED that:

1) Plaintiff Carlos Lindsey is DENIED leave to proceed on his Eighth Amendment claims against defendants Lieutenant Esser and Correctional Officer Taylor for depriving him of drinking water;

2) The complaint is DISMISSED in its entirety for failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until August 4, 2014, to file an amended complaint that: (1) provides a short and plain statement of an Eighth Amendment claim against defendants Esser and Taylor for the unsanitary conditions created by his non-functioning toilet; and (2) provides a short and plain statement of a First Amendment claim against defendant Esser for retaliation; and

3) If plaintiff fails to timely amend his complaint, the court will dismiss this action for failure to state a claim upon which relief can be granted.

Entered this 17th day of July, 2014.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge